COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
ewf@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NAJY LYOUBI, an individual,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES LLC, a Foreign Limited-Liability Company,<br><br>　　　　　　Defendant. | **COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Najy Lyoubi (hereinafter "Plaintiff"), by and through counsel, Cogburn Law, hereby complains against Defendants as follows:

**I.　PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney fees brought pursuant to the Fair Credit Report Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

**II.　JURISDICTION AND VENUE**

　　**A.　JURISDICTION OF THE COURT**

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

**B.   VENUE**

3.   Venue is proper pursuant to 28 U.S.C. § 1391 as Defendants do business within the area of the District of Nevada, are subject to the Court's personal jurisdiction and a substantial part of the events giving rise to the claims alleged occurred within the District of Nevada.

**III.   PARTIES**

4.   Plaintiff is a natural person and resident of the State of Nevada.

5.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6.   Upon information and belief, Equifax Information Services, LLC (hereinafter "Equifax" or the "Credit Bureau") is a foreign entity licensed in the State of Georgia and authorized to do business in the State of Nevada.

7.   Upon information and belief, Defendant Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

**IV.   GENERAL ALLEGATIONS**

8.   This matter involves unauthorized and unlawful credit inquiry in violation of the Fair Credit Reporting Act ("FCRA").

9.   Plaintiff brings this action to seek actual damages, statutory damages, injunctive relief, attorney fees and costs, and other relief the Court deems appropriate.

10.   Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of Nevada.

11.   Plaintiff had a pre-existing business relationship from the purchase of a home prior to the facts at issue in this case.

12.   Plaintiff did not authorize any credit inquiry by Deed Street Capital.

13.   Plaintiff purchased a house through seller financing using a normal person-to-person type promissory note arrangement.

14. Upon information and belief, the lender sold or assigned their rights in the promissory note to Deed Street Capital.

15. However, Plaintiff and the seller entered into a written agreement that no inquiries on Plaintiff's credit would be made related to the transaction.

16. The new holder of the promissory note requested an inquiry to run Plaintiff's credit even though the promissory note did not permit an inquiry to be made on Plaintiff's credit profile and the Agreement prohibits it.

17. Plaintiff disputed the matters with the Credit Bureau indicating the inquiry was unauthorized and included a copy of the written agreement wherein no inquiries were to be made.

18. Following the dispute, the impermissible inquiry remained on Plaintiff's credit profile.

## V.    CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**Against the Credit Bureau**
**(Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681)**

19. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

20. The Credit Bureau violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files published and maintained by the Credit Bureau concerning Plaintiff.

21. As a result of this conduct, action and inaction of the Credit Bureau, Plaintiff suffered damage loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

22. The Credit Bureau's conduct, action and inaction was willful, rendering the Credit Bureau liable for punitive damages in an amount to be determined by the Court pursuant to

15 U.S.C. § 1681n. In the alternative, the Credit Bureau was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

23. Plaintiff is entitled to recover costs and attorney fees from the Credit Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**SECOND CLAIM FOR RELIEF**
**Against the Credit Bureau**
**(Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681)**

24. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

25. The Credit Bureau violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Deed Street Capital; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source the Credit Bureau had reason to know is unreliable.

26. As a result of this conduct, action and inaction of the Credit Bureau, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

27. The Credit Bureau's conduct, action and inaction was willful, rendering the Credit Bureau liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

28. Plaintiff is entitled to recover costs and attorney fees from the Credit Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, on all counts, for the following:

1. Declaratory judgment that Defendant's conduct violated the FCRA;
2. Actual damages;
3. Statutory damages;
4. Punitive damages;
5. Costs and reasonable attorney fees; and
6. For such other and further relief as the Court may deem just and proper.

## VI.  JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 11th day of August, 2021.

COGBURN LAW

By: ___/s/Erik W. Fox___
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
Erik W. Fox, Esq.
Nevada Bar No. 8804
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
*Attorneys for Plaintiff*